IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY JAMES HARDAWAY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-2014 |
| | : | |
| **MARQUES J. HARDAWAY, JUSTIN GRESKIEWICZ, WIL RUIZ, RANDY BENTLEY** | : : : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                           May 22, 2024

      Philadelphia Avery James Hardaway filed several pro se lawsuits this month with a variety of grievances. His claims to date are not within our limited jurisdiction but may be able to be pursued in state court. His case today involves grievances against other Philadelphians concerning access to his apartment and harassment. He cannot bring these types of claims in federal court. We granted him leave to file without paying the filing fees given his financial condition. Congress requires we now screen his allegations. We dismiss today's Complaint as we lack subject matter jurisdiction. We grant him leave to timely amend his Complaint if he can plead federal question claims against his Philadelphia neighbors and landlord in good faith based on known facts.

**I.  Alleged pro se facts**

      Avery James Hardaway lives in an apartment building in Philadelphia.[1] Marques Hardaway, Justin Greskiewicz, Wil Ruiz, and Randy Bentley live in same apartment building.[2] Avery Hardaway complains of a variety of conduct by the Defendants causing him injury.

*Denial of apartment access*

      Mr. Greskiewicz sealed Avery Hardaway's front door shut from the outside with Mr. Hardaway inside.[3] Mr. Greskiewicz also changed the locks to Avery Hardaway's apartment

without the landlord Wil Ruiz's permission.[4] Mr. Hardaway does not plead how he exited the apartment once locked inside. Mr. Hardaway could not enter the apartment for two days after Mr. Greskiewicz changed the locks. He did not have housing for these two days.[5]

Mr. Hardaway lost his banking information and job when he became temporarily homeless.[6] He lost his clothes, DVDs, kitchen items, and art supplies.[7] His mail and packages continued to arrive at the apartment building in his absence. Marques J. Hardaway took packages and mail belonging to Avery Hardaway.[8]

Avery Hardaway returned to the apartment two days after the forceful eviction.[9] He does not plead how he regained access to the apartment. Marques Hardaway kept the packages after Avery Hardaway returned.[10]

Wil Ruiz is the apartment landlord. Mr. Ruiz parked his truck in front of Avery Hardaway's window.[11] Mr. Hardaway uses his window as an entry to his apartment, presumably because Mr. Greskiewicz changed the locks and sealed the door.[12] Mr. Hardaway pleads he sustained injury and blood loss when climbing through his apartment window.[13]

Mr. Ruiz, Mr. Greskiewicz, and Marques Hardaway harassed Avery Hardaway through his window. Marques Hardaway opened the window and threw unspecified items into the apartment.[14] He yelled at Avery Hardaway through the window.[15] Mr. Ruiz threw dog excrement through the window into the apartment.[16] Mr. Greskiewicz left bags of dog excrement beneath the window and outside the apartment.[17]

Mr. Ruiz also provided Marques Hardaway with a key to Avery Hardaway's apartment.[18] Avery Hardaway did not give Mr. Ruiz permission to distribute his key.[19] Avery Hardaway does not plead whether Mr. Ruiz provided the keys before or after Mr. Greskiewicz changed the locks. Mr. Ruiz entered his apartment without notice or consent on an un-pleaded date.[20]

2

*Physical removal from Marques Hardaway's apartment*

Marques Hardaway invited Avery Hardaway into his apartment on an unpleaded date.[21] Marques Hardaway then physically removed Avery Hardaway along with his belongings.[22] Avery Hardaway suffered an acute Achilles strain from the physical removal.[23]

*Stalking and harassment*

Avery Hardaway's co-tenants stalked and harassed him. Marques Hardaway followed Avery Hardaway when he went to the restroom.[24] Mr. Greskiewicz harassed him every time he went to the restroom. [25]

Marques Hardaway electronically surveilled him in Philadelphia and out of state.[26] Mr. Greskiewicz also used an electronic device to surveille Avery Hardaway in Philadelphia.[27] Mr. Ruiz may have put hidden cameras in Avery Hardaway's apartment.[28]

Avery Hardaway suffers from PTSD, irritability, anger, and depression. He went to the hospital.[29] He lost unpleaded friendships, job opportunities, and familial and professional relationships.[30]

**II.   Analysis**

Avery Hardaway sues these Philadelphia men with some involvement with his apartment or living arrangements for aggravated assault, harassment, stalking, burglary, criminal trespass, theft, wiretapping and electronic surveillance, and forgery and fraudulent practices.[31] We granted Mr. Hardaway leave to proceed without paying the filing fees after studying his sworn financial condition.[32] We lack jurisdiction over his complaint as currently pleaded.

Congress requires us to screen the Complaint after we granted Mr. Hardaway leave to proceed without paying the filing fees. Our screening obligations require us to dismiss Mr. Hardaway's complaint if his claims are "frivolous or malicious; fail[ ] to state a claim on which

relief may be granted; or seek[ ] monetary relief from a defendant who is immune from such relief."[33] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the same standard provided in Federal Rule of Civil Procedure 12(b)(6).[34] We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[35] We construe Avery Hardaway's pro se Complaint liberally and "hold it to 'less stringent standards than formal pleadings drafted by lawyers.'"[36]

Avery Hardaway checked the boxes on the form Complaint indicating he invokes federal question jurisdiction under 28 U.S.C. § 1331.[37] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[38] Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States."[39] Federal question jurisdiction must appear on the face of a properly pleaded complaint.[40]

We have no basis to find federal question jurisdiction. Avery Hardaway identified seven Pennsylvania statutes he believes confers federal jurisdiction: 18 Pa. Cons. Stat. Ann. §§ 2702, 2709, 3502, 3503, 3901 *et. seq.*, 4101 *et. seq.*, and 4501 *et. seq.*[41] These are laws set by the Pennsylvania General Assembly in Pennsylvania's Crimes Code and do not confer federal question jurisdiction.[42] Avery Hardaway does not plead an independent basis for our jurisdiction over these claims.

We also lack diversity jurisdiction in this dispute among neighbors and a landlord in Philadelphia.[43] Diversity jurisdiction exists over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[44] Complete diversity is required to invoke diversity

jurisdiction.[45] No party can be a citizen of the same state as any opposing party. Avery Hardaway pleads all parties live at the same address in Philadelphia.[46] He demands between $50,000 and $75,000 in damages.[47] He does not plead diversity jurisdiction. Mr. Hardaway does not plead facts allowing us to invoke our limited jurisdiction.

### III. Conclusion

We dismiss Avery Hardaway's Complaint without prejudice to timely file an amended Complaint if he can swear facts allowing us to exercise federal subject matter jurisdiction or he may timely seek recovery in state court.

---

[1] ECF No. 2 at 3, § III. A.

[2] *Id.* § III. C.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.* at 4, § IV.

[7] *Id.*

[8] *Id.* at 3, § III. C.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 4, § IV.

[24] *Id.* at 3, § C.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* at 4, § IV.

[30] *Id.*

[31] *Id.* at 2, § II. B.

[32] ECF No. 5.

[33]  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[34] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[36] *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[37] ECF No. 2 at 2, § II. A.

[38] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citation omitted).

[39] 28 U.S.C. § 1331.

[40] *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[41] ECF No. 2 at 2, § II.B.

[42] 18 PA. CONS. STAT. ANN. §§ 2702, 2709, 3502, 3503, 3901 *et seq.*, 4101 *et seq.*, 5701 *et seq.* Pennsylvania's General Assembly in sections 2702 and 2709 made assault and harassment crimes under Pennsylvania law; in sections 3502 and 3503, made burglary and criminal trespass a crime under Pennsylvania law, in section 3901 made theft a crime under Pennsylvania law; in Chapter 41 classified certain conduct as forgery and fraud under Pennsylvania law, and in Chapter 57 made certain wiretapping and surveillance an offense under Pennsylvania law.

[43] 28 U.S.C. §§ 1331, 1332.

[44] 28 U.S.C. § 1332(a).

[45] *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).

[46] ECF No. 2 at 1–2.

[47] *Id.* at 5.